[In Bank. — May 19, 1883.]

IN THE MATTER OF THE ESTATE OF SUEZ MAGEE, DECEASED, ALBERT E. REMOND, APPELLANT, & PETER CUNNINGHAM ET AL., RESPONDENTS.

SUCCESSION — ILLEGITIMACY — SECTIONS 1386, 1387, AND 1388 OF THE CIVIL CODE CONSTRUED. — Sabra Magee had two legitimate daughters — Eliza and Susan. The descendants of Eliza were all legitimate, but Susan had two illegitimate daughters — Elizabeth and Suez. Elizabeth died after her mother, leaving one legitimate child — Albert. Suez died subsequently intestate and without issue. The descendants of Eliza claim to succeed to the estate of Suez as against Albert. *Held*, on a construction of sections 1386, 1387, and 1388 of the Civil Code, that Albert is entitled to succeed to the estate as heir of Susan, the mother of Elizabeth and Suez.

APPEAL from a decree of distribution of the Superior Court of Santa Barbara County.

The facts are stated in the opinion of the court.

*Paul R. Wright*, and *A. A. Oglesby*, for Appellant, cited *Apsden's Estate*, 1 Wall. Jr. 368; *Larabee* v. *Larabee*, 1 Root, 555; *Mace* v. *Cushman*, 45 Me. 250; *McKinney* v. *Stewart*, 5 Kan. 384; *Estate of Wardell*, 57 Cal. 484; *Swanson* v. *Swanson*, 2 Swan, 446; *McGunnigle* v. *McKee*, 77 Pa. St. 81; *Burlington* v. *Fosby*, 6 Vt. 83; *Lewis* v. *Eutsler*, 4 Ohio St. 354.

*W. C. Stratton,* and *C. A. Storke,* for Respondents, cited *Pina* v. *Peck,* 31 Cal. 359; *Stevenson's Heirs* v. *Sullivant,* 5 Wheat. 207; *Jackson* v. *Jackson,* 10 The Reporter, 425.

MYRICK, J.—The question involved in this appeal concerns the right of succession under the statute of this State, as affected by illegitimacy. Sabra Magee was the common ancestor. She had two legitimate daughters—Eliza and Susan. The descendants of Eliza (all legitimate) are the claimants on one side; they are named Cunningham. Albert E. Remond claims that he, as descendant of Susan, is entitled, on the other side, to the property. His claim is based on the following facts: Susan had two illegitimate daughters—Elizabeth and Suez. Albert E. is the legitimate son of Elizabeth. Susan and Elizabeth died before January 1, 1880. Suez Magee (the intestate, whose property is the subject of consideration) died March 24, 1880; and the question is, will the property left by Suez Magee go to the Cunninghams, as heirs of the intestate, or will it go to the claimant Albert E. Remond?

According to section 1388, Civil Code, if any illegitimate child (not acknowledged or adopted by his father) dies intestate, without lawful issue, his estate goes to his mother, or, in case of her decease, to her heirs at law. Suez Magee was illegitimate; she died intestate; Susan, her mother, had died before her; therefore, upon the death of Suez, the property of the latter was to go to the heirs of the mother, Susan. The next question, then, is who are the heirs of Susan? Section 1387, Civil Code, we think, answers the inquiry. Every illegitimate child *is in all cases* an heir of his mother, and inherits *in the same manner as if born in lawful wedlock.* There is no question as to the heirship of Albert E.; he is the legitimate son of his mother, Elizabeth. She (Elizabeth) was the illegitimate daughter of Susan. By section 1387, just referred to, Elizabeth was the heir of her mother, in the same manner as if born in lawful wedlock. If, then, Elizabeth had been born in lawful wedlock, she would unquestionably have been heir of her mother; being born out of wedlock, she is by the statute made heir of her mother in the same manner as if born in wedlock. Being, then, the heir of her mother, and dying leaving issue,

the property of Suez goes to such issue; not because the issue is heir of Suez, but is heir of Susan. In this same section there is a proviso regarding the inheritable blood of an illegitimate child, expressed in the following words: "But he does not represent his father or mother by inheriting any part of the estate of his or her kindred, either lineal or collateral, unless, before his death, his parents shall have intermarried," etc. This proviso does not apply to the case before us. If Eliza, the other daughter of Sabra, the common ancestor, had died leaving estate, the illegitimate children of Susan (Elizabeth or Suez), or their descendants, could not have represented Susan for the purpose of inheriting from Eliza; Eliza's estate would, rather, have escheated. We think the word "kindred" used in the above-quoted clause relates to the kindred referred to in section 1386, meaning lawful kindred, and is for the purpose of qualifying the general words used in section 1387, and excluding the illegitimate from inheriting, through the mother, the estate of other relatives.

"By the rules of the common law, terms of kindred, when used in a statute, include only those who are legitimate, unless a different intention is clearly manifest." (*McCool* v. *Smith*, 1 Black, 459; *Hughes* v. *Decker*, 38 Me. 153; *Cooley* v. *Dewey*, 4 Pick. 93.) In using the word "kindred," in section 1387, the legislature intended to preclude from the general words preceding it the construction that an illegitimate might by representation inherit from those whom the common law or section 1386 acknowledges as kindred; but did not intend to prevent a legitimate son (Albert E.) from inheriting, through his mother (an illegitimate daughter), from her mother, Susan, nor from being her heir. Otherwise, we would have the construction that an illegitimate daughter is an heir of her mother, and as such may take the estate of another illegitimate daughter of the same mother, but that the legitimate child of such illegitimate daughter cannot take.

If Elizabeth had died intestate and without issue, doubtless the estate of Suez would have gone to the Cunninghams, as the heirs of Susan, the mother of Elizabeth and Suez; but as Albert E. is, through his mother, Elizabeth, the heir of Susan, he is entitled to the estate of Suez—not, perhaps, because he is

the heir of Suez, but because he is the heir of the mother of Suez, and as such is, under the statute, entitled to take.

We do not think that the provisions of section 1386 have application to illegitimates; but that the rights of such persons are derived from sections 1387 and 1388. Section 1386 provides for the course of succession among legitimates; sections 1387 and 1388 refer to illegitimates, and provide for the course of succession as to them; and each provision is complete, so far as the legislature has seen fit to declare. One system is provided for in the one section; another system is provided for in the others.

The decree is reversed and the cause is remanded with instructions to render a decree in accordance with this opinion.

McKee, J., Thornton, J., Sharpstein, J., and Ross, J., concurred.