# DECISIONS

## OF THE

# Court of Appeals of Kentucky

## JANUARY TERM, 1900.

CASE 1—ACTION FOR RECOVERY OF DEVISE—MARCH 10.

## Cherry v. Mitchell.

APPEAL FROM WARREN CIRCUIT COURT.

JUDGMENT FOR THE PLAINTIFF AND THE DEFENDANT APPEALS. AFFIRMED.

DESCENT—BASTARDS.—Construction of sec. 4841, Ky. Stats., also secs. 1400 and 1401.

Held: 1. The word "issue" in sec. 4841 of the Ky. Stats., includes the bastard child of its deceased mother, and such child will inherit property, devised to its mother by her father, although its mother may have died prior to the death of the testator.

2. Bastards shall be capable of inheriting and transmitting an estate on the part of, or to the mother. This has been the law of this State since 1787. 1 Morehead & Brown Statutes, p. 561.

3. The word "issue" in secs. 4841, 1400 and 1401 of the Ky. Stats., is used in the same sense, and means any issue that, by statute, may inherit.

4. The original statute, in place of the word "issue" used the words, "children living at the death of the testator, who would have taken as heir by descent or as distributee." 3 Statute Laws of Kentucky, p. 400. In the revision a shorter phrase is used to express the same idea.

SIMS & COVINGTON AND EDWARD W. HINES FOR APPELLANT.

1. The provision made by sec. 18, chap. 113 of the Gen. Stats., for the "issue" of a devisee or legatee who dies before the testator does not embrace an illegitimate child of such devisee or legatee. The word "issue" includes only lawful descendants unless a contrary intention clearly appears. Gen. Stats., chap. 21, sec. 21; Moore v. Moore, 12 B. Mon., 655; Blankenship v. Ross, 95 Ky.,

Cherry v. Mitchell.

306; Jenkins v. Jenkins, 64 N. H., 407; Kent and wife v. Barker, 2 Gray, 535; 2 Jarman on Wills, 786; Orthwein v. Thomas, 127 Ill., 554; Flora v. Anderson, 67 Fed. Rep., 182; Williamson v. Adams, 1 Ves. & B., 422; Gibson v. McNeely, 11 Ohio St., 131. The word "issue" is not equivalent to the phrase "lawful heir." Black v. Cartmell, 10 B. Mon., 188; Phillips v. McConica, 51 N. E. R., 445.

2. The statute in question was primarily intended to provide for the natural objects of the testator's bounty—persons for whom provision is made by the statute of descent and distribution. Chenault's Gdn., v. Chenault's Exrs. 88 Ky., 83.

3. No provision being made for illegitimate grandchildren by the statute of descent and distribution, it is not reasonable to suppose that it was intended to provide for such grandchildren by the statute of wills. Jackson v. Jackson, 78 Ky., 390.

4. The court has not been inclined to give a liberal construction even to statutes relating to the capacity of bastards to inherit. Croan, &c., v. Phelps' Admr., 94 Ky., 213.

5. The words "issue" and "descendants" are used in other parts of the General Statutes to include only lawful descendants. Gen. Stats., chap. 31, sec. 2 (Ky. Stats., sec. 1394); Gen. Stats., chap. 113, sec. 19 (Ky. Stats., sec. 4842); Gen. Stats., chap. 113, sec. 25 (Ky. Stats., sec. 4848).

6. The fact that the statute of 1839 provided for any child who would have taken as heir from the devisee while the present statute provides only for the "issue" of such devisee, is significant. 3 Stat. Laws of Ky., p. 400.

JOHN B. GRIDER FOR APPELLEE. (W. S. PRYOR, OF COUNSEL.)

1. The word "issue," as used in sec. 4841, embraces all descendants who, under the laws of descent, are competent to inherit from the devisee, and therefore embraces the bastard child of a female devisee.

2. The word "issue" in secs. 4841, 1400 and 1401, and the word "descendants," in sec. 2064, are used in the same sense and mean such descendants as are competent to take by inheritance from the devisee, grantee and infant dying without issue, referred to in said sections.

3. The purpose and effect of sec. 463 is not to exclude such bastards as, by sec. 5, chap. 31, Gen. Stats., are made lawful heirs of the mother, but to extend the meaning of "issue" beyond immediate offspring, so as to include all the lawful lineal descendants of the ancestor.

4. If the word "issue" in secs. 1400 and 1401 do not embrace the bastard child of the mother, said sections would be inconsistent

with sec. 5, chap. 31, Gen. Stats., which says the bastard child shall be ·as much the heir of the mother as if born in lawful wedlock.

5. Under the provisions of sec. 4841, the property does not pass to the issue of the devisee by descent from either the testator or devisee, but directly and by virtue of the will, aided by sec. 4841 ·of the Statutes.

OPINION OF THE COURT BY JUDGE HOBSON—AFFIRMING.

By his will made June 28, 1881, A. A. Cherry, of Warren county, devised his estate to his daughter, Mary Angeline Cherry; stating in the will that he raised and provided for all his other children as best he could, and desired that what was left after paying his debts and funeral expenses to go to her. The devisee gave birth to a bastard child, the appellee, Effie Mitchell, in March, 1891, and a few days thereafter died. About two weeks later, on the 12th of April, 1891, the testator, A. A. Cherry, died, and the will above referred to was duly probated. On February 3, 1899, the appellee, by her statutory guardian, filed this suit to recover the testator's estate of his heirs at law and their vendee. Section 4841 of the Kentucky Statutes provides: "If a devisee or legatee dies before the testator, or is dead at the making of the will, leaving issue who survive the testator, such issue shall take the estate devised or bequeathed, as the devisee or legatee would have done if he had survived the testator, unless a different disposition thereof is made or required by the will." The only question in the case is whether a bastard child comes within the meaning of this provision. It is admitted that appellee, if a legitimate child, would have taken the estate devised to her mother; but it is insisted by the distinguished counsel for appellant that the word "issue," in this statute, does not include an illegitimate child. In support of this contention we

are referred to section 463 of the Kentucky Statutes, which provides as follows: "The word 'issue' as applied to the descent of real estate, shall be construed to include all the lawful lineal descendants of the ancestor." The purpose of this provision seems to have been to broaden, not to limit, the word "issue." The words "lawful lineal descendants of the ancestor" were apparently used to designate all those persons who might lawfully inherit the estate. Section 1400 provides: "When a person dies intestate and without issue having real estate of inheritance, the gift of either of his parents, such parent, if living, shall inherit the whole of such estate." Section 1401 provides: "If an infant dies without issue, having the title to real estate, derived by gift, devise or descent from one of his parents, the whole shall descend to that parent and his or her kindred," etc. Section 1397, relating to bastards, is not the same as the General Statutes which were in force when this estate vested. Section 5, c. 31, General Statutes, provided: "Bastards shall be capable of inheriting and transmitting an inheritance on the part of or to the mother." This provision has been the law of this State since the act of 1787. See 1 Morehead & Brown's St., p. 561. The settled legislative policy having been for so many years to allow bastards to inherit from their mother, we think it clear that it was never intended by section 1400. quoted above, that if a woman died intestate, leaving a bastard child, and having real estate of inheritance the gift of either of her parents, such parent, if living, should take the estate in preference to the child. It is equally clear that if the mother of a bastard died in infancy, having title to real estate derived by gift, devise, or descent from one of her parents, the estate should descend to the bastard and not to her par-

ents.  Any other construction would do violence to the clearly expressed legislative intent, running through substantially the entire history of the State, that bastards may inherit from their mothers.  But we see no reason for giving the word "issue" in section 4841 a different meaning from that in sections 1400 and 1401.  We think they all use the word in the same sense, and include any issue that by statute may inherit.  The original statute in place of the word "issue" used the words "children living at the death of the testator who would have taken as heir by descent or as distributee."  3 St. Laws Ky., p. 400.  In the revision the purpose seems not to have been so much to change the statute, as to substitute a shorter phrase to express the same idea.  Section 2063, Kentucky Statutes, provides that, when a patent is issued or a deed made to a person who is dead, the heirs of the patentee or vendee shall take the title as though named in the patent or deed. Section 2064 provides that where one of a class to whom an estate is devised shall die before the testator, and others survive him, the share of the decedent shall go to his descendants, unless a different disposition is made by the devisor.  We think all these provisions mean the same persons, whether designated as "heirs," "descendants," or "issue."  Any other construction would destroy the harmony of the revision as a whole, and make exceptions for which no solid reason in justice can be perceived.  We are therefore of the opinion that appellee took the estate devised to her mother by the testator, and the judgment of the court below being in accord with these views is affirmed.