[L. A. No. 1821. In Bank.—March 21, 1907.]

In the Matter of the Estate of ROSARIO DE CIGARAN, Deceased.

SUCCESSION FROM ILLEGITIMATES—CONSTRUCTION OF SECTIONS 1388 AND. 1386 OF CIVIL CODE.—Section 1388 of the Civil Code, which prior to its amendment provided "if an illegitimate child, who has not been acknowledged or adopted by his father, dies intestate, without lawful issue, his estate goes to his mother, or in case of her decease, to his heirs at law," established the rule of succession to the whole estate of an illegitimate, not acknowledged or adopted by his father, who dies intestate without lawful issue, except in so far as it may be qualified by section 1387 of·that code; and this rule,· being contrary to the general rules of succession prescribed by section 1386, must prevail over anything contained in that section, as that section, by its express terms, is limited to cases not otherwise expressly provided for.

ID.—SUCCESSION BY HEIRS OF MOTHER OF ILLEGITIMATE — SURVIVING HUSBAND EXCLUDED.—Under section 1388 of the Civil Code, where an illegitimate woman who had never been acknowledged or adopted by her father dies intestate without issue, leaving a husband her surviving, her entire separate property is succeeded to by the heirs at law of her mother to the exclusion of her surviving husband.

ID.—SUCCESSION BY ILLEGITIMATE HALF-SISTER OF ILLEGITIMATE.—Under section 1387 of the Civil Code an illegitimate child is an heir of his mother, and where. an illegitimate woman, who had never been acknowledged or adopted by her father, dies intestate without issue, leaving surviving a husband, and an illegitimate half-sister by another father, as the sole heir at law of her mother, her entire separate estate is succeeded to by her illegitimate half-sister, to the exclusion of her surviving husband.

ID.—LEGISLATURE DETERMINES SUCCESSION.—The question as to whether a surviving spouse of an illegitimate should inherit is one solely for the legislature, and the courts cannot substitute their own views thereon for the views of the lawmaking power.

APPEAL from a judgment of the Superior Court of Los Angeles County. Curtis D. Wilbur, Judge.

The facts are stated in the opinion of the court.

H. H. Appel, Henry T. Gage, and W. I. Foley, for Appellant.

J. Wiseman McDonald, for Respondent.

ANGELLOTTI, J.—This is an appeal from the judgment given in a proceeding brought under section 1664 of the Code of Civil Procedure to have determined the rights of all persons to the estate of Rosario de Cigaran, deceased.

There is no dispute as to the material facts, which are as follows: Deceased died intestate. She was an illegitimate child, and had never been acknowledged or adopted by her father. At the time of her death, she was the wife of Vicente de Cigaran, who survives her. She died without issue, legitimate or illegitimate. There also survived her one Mrs. Refugio Padilla, who was also an illegitimate daughter of the mother of deceased, by a different father, and who likewise had never been adopted or acknowledged by her father. The mother of these illegitimates died prior to the death of deceased, having never been married, and, so far as appears, leaving no issue other than decedent and Mrs. Padilla. All the property of the deceased was her separate property, she having owned the same prior to her marriage. The only claimants of the estate, or any interest therein, are the surviving husband and Refugio Padilla. The judgment of the lower court awarded the whole estate to the surviving husband, and Refugio Padilla appeals therefrom.

The questions presented by this appeal turn upon the proper construction of various provisions of our statutes relating to succession as the same existed at the date of death of the deceased, certain of said provisions having been amended since the death of deceased.

Respondent bases his claim on subdivision 5 of section 1386 of the Civil Code, the general section relating to the succession to the property of intestates. That subdivision was as follows: "If the decedent leave a surviving husband or wife, and neither issue, father, mother, brother, nor sister, the whole estate goes to the surviving husband or wife." The theory of respondent in this regard is that appellant, by reason of ille-

gitimacy, was not a sister or half-sister of deceased within the meaning of said section 1386. If this theory be well founded, as we think it is, there could, of course, be no question as to respondent's right under this provision of law to succeed to the entire estate, were it not for the illegitimacy of the deceased. The principal question on this appeal is as to the effect of this illegitimacy.

By the express terms of section 1386 of the Civil Code the rules of succession therein laid down are applicable only "unless otherwise expressly provided for in this code and the Code of Civil Procedure." Under this language in the general section, whenever different rules are laid down for special cases, those rules are paramount to the general rules of section 1386 of the Civil Code, and this is so whether or not such section can be construed as having any direct reference to the estates of illegitimates in the absence of provision therefor elsewhere.

Section 1388 of the Civil Code, which is the only provision of our law referring *in terms* to succession to property óf illegitimates, provided as follows: "If an illegitimate child, who has not been acknowledged or adopted by his father, dies intestate, without lawful issue, his estate goes to his mother, or in case of her decease, to her heirs at law." This section provides a rule of succession for a special case, and must govern in every such case, notwithstanding anything to the contrary contained in section 1386 of the Civil Code. It is upon this section that appellant bases her claim. The mother of deceased being dead, she claims the estate of deceased as her mother's heir at law.

There can be no doubt that the facts of this case bring it within the provisions of this section, if they be taken literally and construed without reference to any other provision of the law. Deceased was an illegitimate child, she had not been acknowledged or adopted by her father, she died intestate, and she died without issue of any kind, legitimate or illegitimate. Her mother had died before her. Appellant was sole heir at law of the mother of deceased, by reason of section 1387 of the Civil Code. That section declares: "Every illegitimate child is an heir of the person who, in writing, signed in the presence of a competent witness, acknowledges himself to be the father of such child; and in all cases is an heir of his

mother; and inherits his or her estate, in whole or in part, as the case may be, in the same manner as if he had been born in lawful wedlock.'' Such mother not having left a husband surviving, her surviving issue, if legitimate, would have taken her (the mother's) whole estate under subdivision 1 of section 1386 of the Civil Code, and as section 1387 put appellant in the same position, so far as the right to inherit is concerned, as if "born in lawful wedlock,'' she, as the only child, was the mother's sole heir at law. The contention that the further provision of section 1387, that such illegitimate child, although in certain cases the heir of his father, and in all cases the heir of his mother, ''does not represent his father or mother by inheriting any part of the estate of his or her kindred, either lineal or collateral, unless, before his death, his parents shall have intermarried, and his father, after such marriage, acknowledges him as his child, or adopts him into his family,'' precludes appellant from taking the estate of her deceased illegitimate half-sister as the heir of her mother, is answered by the decision of this court in *Estate of Magee*, 63 Cal. 414, where the same question was directly involved. There the deceased, Suez, who was illegitimate, died after her mother, Susan. There had been another illegitimate daughter of Susan, Elizabeth, who also died before Suez, leaving a legitimate son. It was held that this son, as the lawful issue of the deceased illegitimate Elizabeth (who, by section 1387, was the heir of her mother, as if born in lawful wedlock), took the whole estate as against the legitimate children of Eliza, a deceased sister of the mother, Susan, not ''perhaps'' as heir of the deceased, Suez, but as heir of Susan, the mother of deceased. (Civ. Code, sec. 1386, subd. 1.) Referring to the proviso last quoted from section 1387 of the Civil Code, the court said: ''This proviso does not apply to the case before us. If Eliza, the other daughter of Sabra, the common ancestor, had died leaving estate, the illegitimate children of Susan (Elizabeth or Suez), or their descendants, could not have represented Susan for the purpose of inheriting from Eliza; Eliza's estate would rather have escheated. We think the word 'kindred' used in the above-quoted clause relates to the kindred referred to in section 1386, meaning lawful kindred. . . By the rules of the common law, terms of kindred, when used in a statute, include only those who are legitimate,

unless a different contention is clearly manifest. (Citing authorities.) In using the word 'kindred' in section 1387, the legislature intended to preclude from the general words preceding it the construction that an illegitimate might by representation inherit from those whom the common law or section 1386 acknowledges as kindred.'' This case is conclusive upon the proposition that appellant was entitled to take, as her mother's sole heir at law, whatever of the estate of deceased such mother would have taken under section 1388, had she survived deceased.

It would appear, therefore, that under the express terms of section 1388 of the Civil Code appellant is entitled to the whole estate of deceased, to the exclusion of the surviving husband. Respondent contends that section 1388 was never intended to exclude the surviving husband or wife of an illegitimate, and that construing it in connection with sections 1386 and 1387 of the Civil Code, it is clear that section 1388 was intended to be operative only in the absence of surviving spouse and issue. We can see no sound basis for such contention, even granting, as we are inclined to do, contrary to views expressed in the *Estate of Magee,* 63 Cal. 414, which were *obiter dicta,* that section 1386 does apply to the estates of illegitimates in the absence of contrary provision elsewhere, and that sections 1387 and 1388 of the Civil Code do not make complete provision as to illegitimates so far as the legislature has seen fit to declare.

The language of section 1388 of the Civil Code is such that, even when considered in connection with sections 1386 and 1387, it would not permit a construction making it anything else than the rule of succession applicable as to the *entire estate* of the illegitimate not acknowledged or adopted by his father, who dies intestate, without lawful issue. The rule prescribed is utterly at variance with that contained in subdivision 2 of section 1386, where it is declared ''if the decedent leaves no issue, the estate goes one half to the surviving husband or wife, and the other half to the decedent's father and mother,'' etc., while here, if he dies without lawful issue, *''his estate goes* to his mother,'' etc. (The italics are ours.) It is also directly opposed to the rule declared in subdivision 5 of section 1386 of the Civil Code, upon which respondent relies, and which has already been quoted. By express provision

of section 1386 of the Civil Code that section is applicable
only in the absence of express provision otherwise elsewhere.
The legislature saw fit to prescribe in section 1388 the absence
of lawful issue of the illegitimate as the sole condition prece-
dent to the succession of the mother, or, in case of her death,
the mother's heirs, *to the whole estate.* It will be observed
that if respondent's theory as to the effect of section 1386
be correct, the lawful issue of such an illegitimate was, equally
with the surviving spouse, protected by such section from the
application of section 1388 of the Civil Code, even if not men-
tioned therein, and yet provision was expressly made as to it
in section 1388, while no mention was made as to a surviving
spouse. Having in mind the possibility of marriage on the
part of the illegitimate, as is shown by this provision as to
lawful issue, the legislature must also be presumed to have
had in mind the possible survival of the other spouse, and its
omission to specify his or her failure to survive as a condition
precedent to the application of the rule must be deemed to
have been intentionally made.

It is urged that, construing section 1388 according to its
terms, a conflict is apparent between it and section 1387, in
that, by section 1387 an illegitimate "in all cases is an heir
of his mother," while by section 1388, in the absence of
"lawful issue," the estate of an illegitimate goes to his
mother, or, in case of her decease, to her heirs at law. Thus,
it is said, where both the mother and the child are illegitimate,
section 1387 makes the child the heir of his mother, while
section 1388, taken alone, excludes him, and this is urged as
a reason for such a construction of section 1388 as would make
it subject to the provision of section 1386 and 1387, so far
as the rights of the surviving spouse and children are con-
cerned. But we do not think that sections 1387 and 1388
are in conflict upon the point suggested. If they can be
reasonably so construed as to avoid such a conflict, that con-
struction must, of course, be adopted. Either section 1387,
which has to do solely with the right of illegitimates to inherit,
is to be construed as applicable only to inheritance by an
illegitimate from a parent who is legitimate, or, for purposes
of inheritance, the illegitimate child, by reason of section
1387 of the Civil Code, is to be held to be within the term
"lawful issue," as that term is used in section 1388 of the

Civil Code. (See *Estate of Wardell,* 57 Cal. 484; *Cherry* v. *Mitchell,* 108 Ky. 1; [55 S. W. 689]; *In re Gorkou's Estate,* 20 Wash. 563, [56 Pac. 385]; *Marshall* v. *Wabash R. Co.,* 120 Mo. 275, [25 S. W. 179]; *Bennett* v. *Toler,* 15 Gratt. 588, [78 Am. Dec. 638].)

The language of section 1388 is plain and unambiguous. But one effect can be given to it if we take it as it is, and this we are compelled to do. The intention of the lawmaking power must be ascertained solely from the language it has used, where that language is so plain that it permits of but one construction, and the result of that construction is not so absurd as to make it manifest that it could not have been intended. Certainly, we cannot say that the exclusion of the surviving spouse from participation in the estate of a deceased husband or wife, even under the circumstances here appearing, is such a result, however unjust or improper it may be. The question as to whether such a surviving spouse should inherit is one solely for the legislature, and the courts cannot substitute their own views thereon for the views of the lawmaking power. In *Estate of Ingram,* 78 Cal. 586, [12 Am. St. Rep. 80, 21 Pac. 435], the question was as to the right of the children of the deceased brother or sister to take as against the surviving husband, there being no issue, father, mother, brother, nor sister. Under subdivision 2 of section 1386, such children were entitled to their deceased parent's share where there was also a surviving brother or sister of the deceased, but subdivision 5 of section 1386, which has been before quoted herein, declared that the whole estate goes to the surviving husband or wife, "if the decedent leaves a surviving husband or wife and neither issue, father, mother, brother, nor sister," making no provision as to a child of the deceased brother or sister. It was held that the husband was entitled to all. The court said: "It is vain to argue against the injustice of the rule, or to contend that in a case like the one at bar the children of a deceased *ought* to have a share in the estate when there is not any surviving brother or sister, as well as when there *is.* Succession to estates is purely a matter of statutory regulation, which cannot be changed by courts." (See, also, *Estate of Carmody,* 88 Cal. 616, 620, [26 Pac. 373].) This is clearly in point here. We may not be able to see any good reason for the exclusion of the surviving spouse

of the illegitimate where she dies without lawful issue, and the giving of the estate to the mother or her heirs in preference to such spouse, but that fact is immaterial where the legislature has said in unmistakable terms that it shall so be. That it did so say by section 1388 we can have no doubt.

Our conclusion is that section 1388 provides the rule of succession as to the whole estate of an illegitimate, not acknowledged or adopted by his father, who dies intestate, without lawful issue, except in so far as it may be qualified by section 1387 of the Civil Code, and that this rule, being contrary to the general rules of succession prescribed by section 1386, must prevail over everything contained in that section. The case here is one where, in the language of section 1386, it has been "otherwise expressly provided," and by the express terms of such section it has no application here.

It should be observed that what we have said has reference solely to the separate property of the deceased husband or wife. Section 1400 of the Civil Code provides that the preceding sections, as to the inheritance of the husband and wife from each other, apply only to the separate property of the decedents, and sections 1401 and 1402 of the Civil Code purport to provide the rules as to community property.

The judgment of the superior court is reversed and the matter remanded for such further proceedings as are not inconsistent with the views herein expressed.

Shaw, J., McFarland, J., Henshaw, J., Lorigan, J., Sloss, J., and Beatty, C. J., concurred.

Rehearing denied.