**BAHNSEN v. BURL et al.**

No. 12054—Opinion Filed Sept. 25, 1923.

(Syllabus.)

**1. Bastards—Right to Inherit—Statutes.**

Section 11303, Comp. Stat. 1921, makes an illegitimate child in all cases the heir of the mother, and that portion of the section providing: "But he does not represent his father or mother by inheriting any part of the estate of his or her kindred, either lineal or collateral," does not in any manner change that portion of the section providing that the illegitimate child is in all cases the heir of the mother, but simply precludes an illegitimate child from being the heir of lineal or collateral kindred of the mother by right of representation.

**2. Same—Inheritance from Other Illegitimate Child.**

The limitation in section 11303, Comp. Stat. 1921, referred to above, applies to estates of lawful kindred, either lineal or collateral, and cannot be considered as limiting the right of one illegitimate child from inheriting the estate of another illegitimate child.

**3. Same—Case.**

Martha Burl, an illegitimate child of Cora Nero, died intestate February 2, 1909, leaving surviving no issue, mother, father, or brother, but leaving an illegitimate sister, Mary Burl, a child of the same mother. Held, that Mary Burl, the illegitimate surviving child, was an heir of the deceased mother, and as such inherited the property of her illegitimate sister under section 11304, Comp. Stat. 1921.

Error from District Court, Okmulgee County; Mark L. Bozarth, Judge.

Action by John E. Bahnsen against Mary Burl, through her guardian, A. F. Hobson. Judgment for defendant, and plaintiff brings error. Affirmed.

Charles R: Freeman, for plaintiff in error.

Britton H Tabor, for defendant in error.

COCHRAN, J. This action was commenced by the plaintiff in error, against the defendant in error, Mary Burl, to quiet title to certain land in Okmulgee county. The parties will hereinafter be referred to as plaintiff and defendant, as they appeared in the trial court. The land in controversy was allotted to Martha Burl, a minor Creek freedman, who died intestate, unmarried, and without issue on February 20, 1909, leaving surviving her no mother, father, nor brother, and leaving an illegitimate sister, Mary Burl, and a maternal grandmother, Amy Wilson. Martha Burl and Mary Burl were both illegitimate children of Cora Nero. The plaintiff claimed title

through Amy Wilson, contending that she inherited the land upon the death of Martha Burl to the exclusion of Mary Burl, her illegitimate sister. The trial court sustained a demurrer to plaintiff's portion and the plaintiff refused to plead further, whereupon the court dismissed plaintiff's petition and plaintiff has prosecuted this appeal.

This cause presents for consideration the interpretation of section 1303, Comp. Stat. 1921, which is as follows:

"Every illegitimate child is an heir of the person who in writing, signed in the presence of a competent witness, acknowledges himself to be the father of such child; and in all cases is an heir of his mother; and inherits his or her estate, in whole or in part, as the case may be, in the same manner as if he had been born in lawful wedlock; but he does not represent his father or mother by inheriting any part of the estate of his or her kindred, either lineal or collateral, unless before his death his parents shall have intermarried, and his father after such marriage, acknowledges him as his child, or adopts him into his family; in which case such child and all the legitimate children are considered brothers and sisters, and on the death of either of them, intestate, and without issue, the others inherit his estate, and are heirs, as hereinbefore provided, in like manner as if all the children had been legitimate; saving to the father and mother, respectively, their rights in the estate of all the children in like manner as if all had been legitimate. The issue of all marriages null in law, or dissolved by divorce, are legitimate"

—and section 11304, Comp. Stat. 1921, which is as follows:

"If an illegitimate child, who has not been acknowledged or adopted by his father, dies intestate, without lawful issue, his estate goes to his mother, or, in case of her decease, to her heirs at law."

It is contended by plaintiff that the heirs at law of a deceased mother, as used in section 11304, refers to the lawful heirs, and that by the provisions of secton 11303 an illegitimate child is precluded from inheriting by representation. Numerous authorities from other states are cited by plaintiff in error, but we will not discuss them, for the reason that decisions of other states relative to inheritable rights of legitimate children are of no value in construing our statutes unless the decisions are based upon similar statutes. The case of Eddie v. Eddie, 8 N. D. 376, 73 Am. St. R. 765, is not in point here, as that case involved the right of an illegitimate child to inherit

where the child had been publicly acknowledged by the father in a foreign country. Under the North Dakota statute and under section 11303 of our statute, it is necessary for the illegitimate child to be acknowledged in writing, signed in the presence of competent witnesses, before he becomes an heir of the father; but such is not true as to the mother, as under our statute an illegitimate child is in all cases an heir of the mother.

The case of Holloway v. McCormick, 41 Okla. 1, 136 Pac. 1111, is also not in point for the same reason.

In re Ingram (Cal.) 12 Am. St. R. 102, and Allison v. Bryan, 21 Okla. 557, 97 Pac. 282, do not attempt to pass on the right of an illegitimate child to inherit from an illegitimate sister, and throw no light on the question under consideration.

It will be noticed that section 11304 prescribes the devolution of the estate of an illegitimate child and is the only section of the statute dealing with that subject, and, hence, it should first be applied to the state of facts in the instant case. Since Martha Burl was an illegitimate child and had not been acknowledged or adopted by her father, and died intestate without issue, and since her mother was deceased, under the provisions of that section of the statute her estate went to the heirs at law of the deceased mother. The material question for determination, then, is, Who are the heirs at law of the mother in this case? Section 11303 provides that in all cases the illegitimate child is the heir of her mother, therefore Mary Burl must be considered the heir at law of her mother. The plaintiff contends, however, that that portion of section 11303 providing that the illegitimate child is the heir of her mother is to be considered in connection with the remainder of the section, which provides that the illegitimate child does not represent the father or mother in inheriting any part of the estate of his or her kindred, either lineal or collateral. This limiting clause, however, does not in any manner change the portion of the section providing that the illegitimate child is the heir of the mother, but simply precludes the illegitimate child from being the heir of the lineal or collateral kindred through the mother by right of representation. Section 11303 does provide generally that the illegitimate child cannot be an heir of either lineal or collateral kindred through the mother or father by right of representation; but section 11304, being a special statute dealing with the estates of illegitimate children, specifically provides that the estate, in the absence of lawful issue in the case of the death of the mother, goes to the heirs, not of the deceased child, but to the heirs of the deceased mother. Had the statute provided that the estate of illegitimate children who had not been acknowledged or adopted by the father and died intestate without lawful issue goes to the mother or, in case of her decease, to the heirs of the illegitimate child, the contention of the plaintiff might be good; but our statute makes no such provision. On the contrary, our statute provides that in case the mother is deceased the estate shall go to the mother's heirs at law, and under section 11303 it is provided that an illegitimate child is in all cases the heir of the mother.

Again, it may be said that the limitation contained in section 11303:

"But he does not represent his father or mother by inheriting any part of the estate of his or her kindred, either lineal or collateral"

—limits the inheritance by the child by right of representation to estates of lawful kindred. It has been generally held that when the word "kindred" is used, it refers to lawful kindred, and not to illegitimate kindred (Truelove v. Truelove [Ind.] 27 L. R. A. [N. S.] 221; 5 Cyc. 640; 3 R. C. L. 773); therefore, this limitation in section 11303 should be interpreted as though it read:

"But he does not represent his father or mother in inheriting any part of the estate of his or her lawful kindred, either lineal or collateral"

—and, if read in that manner, it has no reference to estates of illegitimate children and cannot be considered as limiting the right of one illegitimate child from inheriting the estate of another illegitimate child by right of representation through the mother. The views above expressed find support in Re Magee's Estate, 63 Cal. 414; In re De Cigaran's Estate (Cal.) 89 Pac. 833. These cases interpret two sections of the California statute which are identical with the statutes of this state which are now under consideration.

It is our opinion that Mary Burl, as the heir of her mother, inherited the estate of her illegitimate sister, and that the judgment of the trial court should be affirmed.

JOHNSON, C. J., and McNEILL, NICHOLSON, and MASON, JJ., concur.