[Sac. No. 4875.  In Bank.—March 22, 1935.]

In the Matter of the Estate of LEWIS SMITH, Deceased.
ARTHUR SMITH, Appellant, v. HERMAN A. KOCH,
Administrator, etc., Respondent.

Irving D. Gibson, Cushing & Cushing and Everett S. Layman for Appellant.

W. A. Green and J. J. Henderson for Respondent.

PRESTON, J.—This appeal is from the decree of final distribution in the estate of Lewis Smith, who died intestate in Sacramento County on the sixth day of January, 1927. We are concerned with the law of succession as of said date. A proper construction of certain provisions of sections 1386, 1387 and 1388 of the Civil Code, as they then read, will determine the course of the appeal.

The decedent and this appellant, Arthur Smith, were illegitimate sons of Sophia Smith, who was never married. Neither of the illegitimates was ever legitimated or adopted by his father. The decedent left no issue, wife, mother or

other relative, lineal or collateral, save appelllant and a maternal aunt, a sister to his mother. She, however, has since died and her personal representative is the respondent on this appeal. The court below awarded the entire inheritance to her estate, excluding *in toto* the claim of appellant—the illegitimate brother of decedent. We are constrained to hold that appellant and not respondent is entitled to the estate.

Appellant contends that his right to inherit is measured by the provisions of section 1386 of the Civil Code, subdivision 3, which read in part: ''When any person having title to any estate . . . dies without disposing thereof by will, it is succeeded to and must be distributed, unless otherwise expressly provided in this code and the Code of Civil Procedure . . . in the following manner: . . . 3. If there is neither issue, husband, wife, father, nor mother then in equal shares to the brothers and sisters of decedent. . . . ''

Respondent, on behalf of the maternal aunt, contends that former section 1388 of said code makes applicable subdivision 5 of said section 1386 thereof, which, so far as here material, reads: ''If the decedent leaves neither issue, husband, wife, father, mother, brother, nor sister, the estate must go to the next of kin, in equal degree. . . . '' From section 1388, as amended in 1921, we find the provision relied upon to read: ''The estate of an illegitimate child . . . is succeeded to as if he had been born in lawful wedlock and had survived his father and all persons related to him only through his father.''

This language, however, is to be construed in the light of kindred provisions found in section 1387, which may be epitomized as follows: ''Every illegitimate child . . . is an heir of . . . his mother; and inherits . . . her estate . . . in the same manner as if he had been born in lawful wedlock; but he does not represent his . . . mother by inheriting any part of the estate of . . . her kindred, either lineal or collateral. . . . ''

Now respondent asserts that the aunt inherits because she is the nearest in collateral line to decedent, through his mother, and that appellant, as an illegitimate, as well as the father's line of kindred are excluded. As a corollary the further conclusion is drawn that the above-quoted language of section 1388 legitimated the decedent and under the pro-

visions of section 1387 appellant may not represent his mother in claiming the inheritance.

It is true that many of the common-law disabilities of an illegitimate are retained but greater liberality toward this class is in evidence in the statutes of other jurisdictions and in the trend of judicial interpretation of them. Moreover, it has from our earliest history been the policy of the law to treat illegitimates as legitimates among themselves. (3 R. C. L., pp. 777, 778, sec. 57; 7 C. J., pp. 962, 963, sec. 48.)

Now when, prior to the amendment of 1921 (Stats. 1921, p. 194), section 1388 provided: "The estate of an illegitimate child . . . goes to his lawful issue, or, if he leaves no issue, to his mother, or in case of her decease, to her heirs at law," the law was clear that appellant would inherit the whole of the estate of his brother to the exclusion of the aunt. (*Estate of Magee,* 63 Cal. 414; *Estate of De Cigaran,* 150 Cal. 682 [89 Pac. 833].) The question is: When the 1921 amendment was enacted, was its purpose to increase or to decrease the inheritable blood of the illegitimate?

While it may have enlarged the inheritable rights of the mother's lineal and collateral kin, we see no evidence of an intent to curtail the rights of illegitimates between themselves, nor their power to inherit from each other through their mother. The effect of the amendment, standing alone, would be to give appellant a preferential right over respondent, for the relationship between his mother and himself is reciprocally legitimate and entitles him to represent her. But section 1387 has always prevented the illegitimate from representing his mother in inheriting the estate of her kindred, lineal or collateral. However, this proviso is without application to appellant as it has twice been construed by this court to refer to legitimate kindred. (*Estate of Magee, supra; Estate of De Cigaran, supra.*) Construing a statute which reads identically as does ours, the Oklahoma Supreme Court approved this holding. (*Bahnsen* v. *Burl,* 95 Okl. 191 [218 Pac. 846].)

If this restriction applies only to legitimate kindred, the inference seems logical that appellant may represent his mother as to her kindred who are illegitimate and through her assert his claim to the estate of decedent. This conclusion seems to be in harmony with a long line of decisions in other jurisdictions. For example, Alabama, Rhode Island,

Texas, Vermont, Virginia and perhaps other states have allowed illegitimates to inherit from each other under statutes which provide substantially that "bastards shall also be capable of inheriting or of transmitting inheritance on the part of the mother in like manner as if they had been born in lawful wedlock". Under this type of statute the right of one illegitimate to inherit from another is conceded in the states above mentioned. (See notes, 16 Am. & Eng. Ann. Cas., p. 987; 24 A. L. R. 570, 583; 83 A. L. R. 1330, 1334.) Except for the restrictions found in section 1387 which are inapplicable to the present situation, the meaning of our statutes, construed together, and the one above mentioned, is the same. By said statute of descent as amended in 1921 (sec. 1388), the decedent remained an illegitimate as to appellant. (*Wolf* v. *Gall*, 32 Cal. App. 286 [163 Pac. 346, 350].)

It is unnecessary to decide whether section 1386 of the Civil Code, standing alone, in the absence of sections 1387 and 1388, would dispose of the estate of an illegitimate. It is enough to hold that by reference the sections are complementary to each other.

The judgment is reversed with directions to enter a new decree consistent with the above holding.

Shenk, J., Thompson, J., Seawell, J., Curtis, J., Langdon, J., and Waste, C. J., concurred.

Rehearing denied.